The Honorable Jay Bradford President Pro Tempore of the Senate P.O. Box 8367 Pine Bluff, AR 71611-8367
The Honorable Bob Johnson Speaker of the House of Representatives P.O. Box 173 Bigelow, AR 72016
Dear Senator Bradford and Representative Johnson:
This is in response to your request, on behalf of State Representative Sue Madison, for consultation pursuant to Act 1414 of 1999[1] regarding the legality of legislative service on the Child and Adolescent Service System Program (CASSP) Coordinating Council. I will, consistent with your request, provide such consultation, with the understanding that the actual determination regarding the legislative service shall be made by the President Pro Tempore of the Senate and the Speaker of the House. See n. 1, supra.
It is my advice that legislative service on the CASSP Coordinating Council ("Council"), as currently required under A.C.A. § 20-47-505
(Supp. 1997), is prohibited under the Arkansas Constitution in accordance with the decision in State Board of Workforce Education v. King,336 Ark. 409, ___ S.E.2d ___ (1999).
Arkansas Code Annotated § 20-47-505(a)(14) (Supp. 1997) requires that the directors of the Department of Education, Department of Health, and Department of Human Services appoint a member of the Senate to the Council.[2] With regard to the Council's powers and duties, as set forth under § 20-47-505(b), the Council has various responsibilities in the areas of policy and programs. It must "[i]dentify and recommend fiscal, policy, training, and program initiatives and revisions." Id. at subsection (2). It is also responsible for providing "specific guidelines for the development of regional services and plans." Id. at (b)(3). It must review and approve regional plans and incorporate such plans into the statewide plan. Id. at (b)(4). And it must "[a]ssure that mechanisms for accountability are developed and incorporated into the regional plans." Id. at (b)(5). It also submits a statewide plan and budget recommendations. Id. at (b)(6). See also A.C.A. § 20-47-509 (Repl. 1991) (Council to make recommendations about allocation of funds in the event a regional team does not submit a satisfactory plan). And it develops and recommends special projects. Id. at (b)(7).
It is clear from a review of these various areas of responsibility that the Council has a significant role in the development and implementation of the Child and Adolescent Service System Program. The Council's function cannot, according to my review, reasonably be categorized as "merely advisory." See King, 336 Ark. at 418. Rather, looking to the language in King, it appears to function as a "direct decision-maker" with significant influence in shaping projects and plans. My review of the King case leads me to conclude that a position on the Council constitutes an exercise of the sovereign power of the State and, thus, a civil office within the prohibition of Ark. Const. Art. 5, § 10.
Legislative service on the Council also, in my view, likely runs afoul of the constitutional separation of powers doctrine (Ark. Const. Art. 4, §§ 1
and 2), which prohibits any person, being one department of government, from exercising any power belonging to either of the others. The Council's role in executing and implementing a coordinated service system under A.C.A. §§ 20-47-501 et seq. leads me to conclude that a legislative member would in all likelihood be exercising the power of the executive branch of government by his participation on the Council. And as stated by the court in King, "the exercise of our state laws is simply beyond the ken of legislative power. . . ." 336 Ark. at 420.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Act 1414 addresses the service of legislative members of boards and commissions. It enumerates a number of boards and commissions and requires the replacement of any General Assembly members serving on those boards. As to any boards and commissions not listed in Act 1414, the President Pro Tempore and the Speaker, "in consultation with the Attorney General's office" shall make the determination whether such boards may have legislative members. Acts 1999, No. 1414, § 2(b). The initial decision as to the legality of the legislative service in question must therefore be made by these officials, subject of course to review by the judicial branch.
[2] Prior to a 1997 amendment, appointment of a member of the House was also required. See Acts 1997, No. 312, § 16.